UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
AZHAR M. AWAN,

                          Plaintiff,                    **ORDER**
                                                                   18-CV-5137 (MKB) (VMS)

           v.

EXPERIENCED MOVING COMPANY, MS.
AMY, MS. JULIA, and MR. GEORGE,

                          Defendants.

------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Azhar M. Awan, proceeding *pro se*, commenced the above-captioned action on September 12, 2018 against Defendants Experienced Moving Company, Ms. Amy, Ms. Julia, and Mr. George. (Compl., Docket Entry No. 1.) Plaintiff alleges that he contracted with Defendants to move and store his goods but that Defendants "took [his] goods" and never returned them. (*Id.* at 5–6.) By order dated October 10, 2018, Magistrate Judge Vera M. Scanlon set forth the service requirements of Rule 4(m) of the Federal Rules of Civil Procedure and warned Plaintiff that if service was not made on or before December 11, 2018, or Plaintiff failed to show cause why service was not made, Judge Scanlon would recommend that the Court dismiss this action without prejudice. (Status Report Order, Docket Entry No. 5.)

        By letters filed on December 7, 2018 and December 10, 2018, Plaintiff stated that he mailed registered letters to Defendants, but all but one of the letters was returned to him as undelivered. (Pl. Dec. 7, 2018 Letter, Docket Entry No. 6; Pl. Dec. 10, 2018 Letter, Docket Entry No. 8.) By letter dated December 7, 2018, the *pro se* office advised Plaintiff that interstate movers are required to register with the federal government and directed him to a website which

allows a search by company name and United States Department of Transportation or Motor Carrier number. (Pro Se Office Letter dated Dec. 7, 2018, Docket Entry No. 7.)

On April 23, 2019, Judge Scanlon issued an order to show cause on or before June 21, 2019 why this action should not be dismissed for failure to serve the summons and complaint. (Order to Show Cause, Docket Entry No. 9.) Plaintiff did not respond to this order, and on July 24, 2019, Judge Scanlon issued a status report order directing Plaintiff to respond to the order to show cause. (Status Report Order dated July 24, 2019.) To date, Plaintiff has not responded to the order to show cause or the status report order or otherwise communicated with the Court.

By report and recommendation dated August 23, 2019, Judge Scanlon recommended that the Court dismiss this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (the "R&R"). (R&R, Docket Entry No. 10.)

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id*.; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."

(emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court dismisses this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and directs the Clerk of Court to close this case.

Dated: October 9, 2019
      Brooklyn, New York

                                      SO ORDERED:

                                      _____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge