UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x

AZHAR M. AWAN,

        Plaintiff,

   -against-

EXPERIENCED MOVING COMPANY, MS. AMY, MS.
JULIA, and MR. GEORGE,

        Defendant.

-------------------------------------------x

**MEMORANDUM AND ORDER**
18-cv-5137(EK)(VMS)

ERIC KOMITEE, United States District Judge:

      Plaintiff Azhar M. Awan, proceeding *pro se*, commenced this action on September 12, 2018, claiming that Defendants – Experienced Moving Company and three of its employees (Ms. Amy, Ms. Julia, and Mr. George) – took his belongings after he hired them to move his furniture cross-country.  Complaint at 5-6, ECF No. 1.

      To comply with Rule 4(m) of the Federal Rules of Civil Procedure (which sets forth the time for serving defendants in federal court), Plaintiff needed to serve Defendants by December 11, 2018 – ninety days after filing his complaint.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  Magistrate Judge Vera M. Scanlon

informed Plaintiff of this Rule on October 10, 2018 and warned him that failure to effect timely service could result in dismissal of the action. *See* Status Report Order, ECF No. 5.

Plaintiff then notified the Court that he was having trouble locating Defendants. *See* Letter at 1, ECF No. 6; Letter at 1, ECF No. 8. In response, the Court's Pro Se Office directed Plaintiff to a website he could use to locate interstate movers like the one at issue here. *See* Letter, ECF No. 7.

Still, Plaintiff was unable to effect service. Having heard nothing, on April 23, 2019 (four months after the service deadline), Judge Scanlon issued an Order to Show Cause as to why the action should not be dismissed for failure to serve (as well as for lack of subject-matter jurisdiction and improper venue). *See* Order to Show Cause, ECF No. 9. Plaintiff never responded to Judge Scanlon's Order to Show Cause, or to her subsequent Order extending Plaintiff's deadline to respond.

Accordingly, on August 23, 2019, Judge Scanlon issued a Report and Recommendation (R&R) recommending that the District Judge at the time – Judge Margo K. Brodie – dismiss Plaintiff's complaint under Rule 4(m) for failure to serve. *See* R&R at 5, ECF No. 10. Judge Brodie adopted Judge Scanlon's unopposed R&R, *see* Order at 3, ECF No. 11, and dismissed the action on October 11, 2019, *see* Judgment, ECF No. 12.

2

Shortly thereafter, Plaintiff moved to reopen the case. *See* Motion, ECF No. 13. This was Plaintiff's first correspondence with the Court in nearly a year. Nevertheless, Judge Brodie granted Plaintiff's motion and directed Plaintiff to serve Defendants by December 2, 2019. Plaintiff did not do so, and he did not tell the Court why.

After Judge Brodie's service deadline passed unanswered, this case was reassigned to the undersigned on February 6, 2020. On March 31, 2020, the Court issued an Order to Show Cause as to why Plaintiff's complaint should not be dismissed for failure to serve (or for the reasons specified in Judge Scanlon's April 23, 2019 Order to Show Cause – namely, lack of subject-matter jurisdiction or improper venue). *See* Order to Show Cause at 1, ECF No. 16. The Order warned that if Plaintiff did not "respond . . . by May 12, 2020, his claims will be dismissed for failure to serve." *Id*.

The deadline to respond to this Court's Order passed over two months ago, and Plaintiff still has not served Defendants. His time for doing so expired in December 2018, over a year-and-a-half ago. Since moving to reopen this case in October 2019, Plaintiff has offered no indication that he is making progress toward serving Defendants, or even still attempting to serve them.

3

Therefore, for the reasons stated above, this action must be dismissed without prejudice for failure to serve in the time required by Rule 4(m) of the Federal Rules of Civil Procedure.  The Clerk of Court is directed to close this case.

SO ORDERED.

\_\_\_\_\_/s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:  Brooklyn, New York
        July 24, 2020